UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and WARNER BROS. RECORDS INC., a Delaware Corporation

v. Case No. 05-cv-181-JM

JOHN DOE

ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the annexed Declaration of Steven E. Cole, Esq. , the annexed Declaration of Jonathan Whitehead and the exhibit thereto, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on University of New Hampshire to obtain the identity of Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights under the Copyright Act.

Dated: June 8, 2005

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LONDON-SIRE RECORDS INC., et al.,** **Plaintiffs,** v. **DOES 1-4,** **Defendants.** | **C.A. No. 04-12434-NG** **LEAD DOCKET NUMBER** |

**GERTNER, D.J.:**

**ORDER RE: EXPEDITED DISCOVERY**
June 20, 2005

On April 20, 2005, and June 1, 2005, the Court consolidated twenty-three cases under the above captioned lead case. As a result of the consolidation, thirteen motions for leave to take immediate discovery were left pending.[1] Plaintiffs have now renewed those motions by way of a single motion filed under the lead case, Plaintiffs' Renewed Motion for Leave to Take Immediate Discovery [document #27]. Plaintiffs' renewed motion is hereby

---

[1] The following are the motions left pending in the consolidated cases:
(1) Capitol Records, Inc., et al. v. Does 1-2, C.A. 05-10565 [document #2];
(2) Virgin Records America, Inc., et al. v. John Doe, C.A. 05-10566 [document #2];
(3) Sony BMG Music Entertainment, et al. v. John Doe, C.A. 05-10567 [document #2];
(4) Atlantic Recording Corp., et al. v. Does 1-3, C.A. 05-10568 [document #2];
(5) Interscope Records, et al. v. John Doe, C.A. 05-10569 [document #2];
(6) Capitol Records, Inc., et al. v. Does 1-11, C.A. 05-10731 [document #2];
(7) Motown Record Co., et al. v. Does 1-22, C.A. 05-10732 [document #2];
(8) Atlantic Recording Corp., et al. v. Does 1-25, C.A. 05-10733 [document #2];
(9) London-Sire Records Inc., et al. v. Does 1-25, C.A. 05-10734 [document #2];
(10) Sony BMG Music Entertainment, et al. v. Does 1-2, C.A. 05-11099 [document #4];
(11) Motown Record Co., et al. v. Does 1-6, C.A. 05-11100 [document #4];
(12) Artista Records LLC, et al. v. Does 1-8, C.A. 05-11101 [document #4]; and
(13) Elektra Entertainment Group Inc., et al. v. John Doe, C.A. 05-11102 [document #4].

**GRANTED** with respect only to the thirteen discovery motions left pending in the consolidated cases.

It is further **ORDERED** as follows:

1. Plaintiffs may take immediate discovery of Assumption College, Boston University, Brandeis University, Harvard University, the Massachusetts Institute of Technology, Suffolk University, Tufts University, and the University of Massachusetts-Amherst to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each Doe defendant. No further information about the Doe defendants shall be revealed;
2. Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting plaintiffs' rights under the Copyright Act;
3. Plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena. The Rule 45 subpoena shall instruct the college or university to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

4. The Rule 45 subpoena shall also instruct the college or university not to respond to the subpoena until fourteen days after each Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Massachusetts must be pre-approved by the Court and filed on the record.

**SO ORDERED.**

**Dated: June 20, 2005** **s/ NANCY GERTNER U.S.D.J.**